IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO:**1:19-CR-00069** |
| Plaintiff, | ) | HON. JUDGE TIMOTHY S. BLACK |
| -vs- | ) | |
| MARK STUBBLEFIELD | ) | **DEFENDANT'S SENTENCING MEMORANDUM** |
| Defendant. | ) | |

I. **PRELIMINARY STATEMENT.**

Now comes, **CORNELIUS "Carl" LEWIS**, trial counsel for the defendant, Mr. Mark Stubblefield (hereinafter "Mr. Stubblefield"), and hereby respectfully files the following Sentencing Memorandum setting forth factors this Honorable Court should consider in determining what type and length of sentence he should be given.

A person found guilty of an offense described in any Federal statute shall be sentenced in accordance with the provisions set forth in subparagraphs (A) thru (D) of 18 U.S.C. §3553(a)(2). While a district court is not required to "rigid" adherence of the factors enumerated in 18 U.S.C. §3553 the factors must be considered. U.S. v. Nicholos Grigg, 442 F.3d 560, 2005 U.S. App. LEXIS 7317 (7$^{TH.}$ Cir. 2006).

II. **FEDERAL SENTENCING**

A. **Sentencing Under *Booker* (Guidelines Advisory)**

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in Blakely v. Washington, 124 S. Ct. 2531 (2005) and Apprendi v. New Jersey, 530 U.S. 466 (2000), applies to the Federal Sentencing Guidelines. United States v. Booker, 125 St. Ct. 738, 756 (2005). Given the mandatory nature of the Sentencing Guidelines, the Court found no relevant distinction between the sentence imposed pursuant to the Washington statutes in Blakely and the

sentences imposed pursuant to the Federal Sentencing Guidelines in the cases before the Court. Id. at 751. Accordingly, reaffirming its holding in Apprendi, the Court concluded that:

[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

Id. at 756.

Based on this conclusion, the Court further found those provisions of the federal Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. §3553(b)(1) or which rely upon the Guidelines mandatory nature, 18 U.S.C. §3742(e), incompatible with its Sixth Amendment holding. Booker, 125 S. Ct. at 756. Accordingly, the Court severed and excised those provisions, making the Guidelines effectively advisory.

**B. 18 U.S.C. §3553**

A person found guilty of an offense described in any Federal statute shall be sentenced in accordance with the provisions set forth in subparagraphs (A) thru (D) of 18 U.S.C. §3553(a)(2); U.S. v. Hanhardt, 424 F. Supp. 2d 1065, 2006 U.S. Dist. LEXIS 9715 (7TH. Cir. 2006).

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by Booker, requires a sentencing court to consider Guidelines ranges but it permits the court to tailor the sentence in light of other statutory concerns as well. Thus, under Booker, sentencing courts must treat the guidelines as just one of a number of sentencing facts set forth in 18 U.S.C. §3553(a).

The primary directive in Section 3553(a) is for sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2. 18 U.S.C. §3553(a)(2) states that such purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and

(D)to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the *minimally sufficient* sentence 18 U.S.C. §3553(a) further directs sentencing courts to consider the following factors:

(1)The nature and circumstances of the offense and the history and characteristics of the defendant;
(2)The kinds of sentences available;
(3)The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(4)The need to provide restitution to any victims of the offense.

**C. No Limitation on Pertinent Information 18 U.S.C. §3661.**

Under 18 U.S.C. §3661, no limitation shall be placed on the information concerning the background, character, and conduct of Mr. Stubblefield which this Honorable Court may receive and consider for the purpose of imposing an appropriate sentence. U.S. v. Mays, 593 F.3d 603, 2010 U.S. App. LEXIS 1771 (7th., Cir. 2010).

This statutory language certainly overrides the (now-advisory) policy statements in Part H of the sentencing guidelines, which list as not ordinarily relevant to sentencing a variety of factors such as the defendants age, education and vocational skills, mental and emotional conditions, drug or **alcohol** dependence, and lack of guidance as a youth. See, U.S.S.G. 5H1.

Several courts have taken into account information that previously would not have been considered with the strict adherence and mandatory application of the sentencing guidelines. Court took into account the fact that the defendant, at the time of his sentencing, was 57 and that upon his release from prison would have a very low likelihood of recidivism since recidivism reduces with age. United States v. Nellum, 2005 WL 300073, 2005 U.S. Dist. LEXIS 1568 (N.D. Ind. Feb. 3, 2005)(Simon, J); In another case the federal court concluded that sentencing below career offender guideline range was reasonable in part because of defendant's youth when he committed his predicate offenses he was 17 and noting that in Roper v. Simmons, 125 S. Ct.

3

1183, 1194-96 (2005), the Supreme Court found significant difference in moral responsibility for crime between adults and juveniles. U.S. v. Naylor, ____ F. Supp.2d____, 2005 WL 525409, *2, 2005 U.S. Dist. LEXIS 3418 (W.D. Va. Mar. 7, 2005)(Jones, J).

### III.  MARK STUBBLEFIELD SENTENCING CONSIDERATIONS.

Mr. Stubblefield from the date of hiss arrested accepted full responsibility for his actions. Mr. Stubblefield urges this Honorable Court to consider a sentence that allows him to remain a free productive citizen of Cincinnati, Ohio so that he can continue to operate his business and coach youth sports.

Mr. Stubblefield understands that he is facing 0 to 10 years and that the PSR has provided this Honorable Court with a Federal Sentencing Guidelines sentence of 37 to 46 months in prison. Mr. Stubblefield, understanding that there is a strong possibility that he could be sentenced to the United States Bureau of Prisons, has not once complained, murmured or been upset regarding the fact that his actions and his actions alone resulted in being charged and convicted of this criminal offense.

Mr. Stubblefield asks this Honorable Court to do what it always does and that is to fashion a sentence that is fair and sentence him to time served, probation or a period of home confinement.

Mr. Stubblefield apologizes to the community at large for his role in what is a scourge on society, that being individuals carrying firearms without the legal right to do so.

**Sentence of Time Served, Home Confinement or Probation Is Sufficient**

Mr. Stubblefield should not lose his freedom for 37 to 46 months and certainly not 10 years.  He respectfully begs this Honorable Court to fashion a sentence that will allow him to stay with his family.

While he accepts full responsibility for his actions he respectfully believes that a sentence of time served, home confinement and/or probation is more than sufficient and comports with the overriding purposes and principles of sentencing as set forth in 18 U.S.C. §3553(a).

**COUNSEL KNOWS THE STUBBLEFIELD FAMILY.**

Mr. Stubblefield is not just a client he is a long-time family friend. I graduated from High School with Mr. Stubblefield's father. Mr. Stubblefield's mother is a long time friend of Counsel's wife.

I have been in Mr. Stubblefield's life since he was born and I am keenly aware that Mr. Stubblefield can and will stay out of trouble. As stated in the PSR the issues that have brought Mr. Stubblefield before this Honorable Court and the other court jurisdictions in the past can all be attributed to his alcohol addiction. Sober he is great intoxicated he is a different man.

Counsel urges this Honorable Court to not incarcerate Mr. Stubblefield.

**IV. CONCLUSION.**

The PSI gives this Honorable Court an exhaustive look at Mr. Stubblefield so counsel will not restate what is in the PSI. Counsel is confident that Mr. Stubblefield has no desire to be incarcerated and that he understands the importance of sobriety and that he will never come back before any criminal court again.

Respectfully submitted,

*/s/ Cornelius "Carl" Lewis*
Cornelius "Carl" Lewis (#0055700)
**THE LEWIS LAW FIRM, INC., LPA**
119 East Court Street
Cincinnati, Oh 45202
(513) 632-9542/Office
(513) 721-5824/Fax
(513) 371-4520/Cell
e-mail:Carllewislaw@gmail.com
Trial Counsel for Mark Stubblefield

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing sentencing memorandum was served on all parties utilizing the CM/ECF system.

*/s/ Cornelius "Carl" Lewis*